IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-330-FL

| | |
|---|---|
| MARVALETTE S. HOLMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 25, 29).[1] In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants plaintiff's motion, denies defendant's motion, and remands the case to defendant for further proceedings.

## BACKGROUND

Plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income on April 26, 2009, alleging disability beginning March 10, 2009. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated May 19, 2011. On September 19, 2012, the Appeals Council denied plaintiff's request for review of the ALJ decision, and plaintiff filed this action for review of the final administrative decision.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: coronary artery disease and asthma. However, at

step three, the ALJ further determined that plaintiff does not have an impairment or combination of impairments severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work, subject to the following limitations: "[Plaintiff] is able to lift and carry up to 10 pounds occasionally and lesser amounts frequently, sit for 6 hours in an 8-hour day, and stand and walk occasionally except that the [plaintiff] can only occasionally crouch, crawl, stoop, balance, and kneel. [Plaintiff] can never climb. She must avoid fumes and noxious odors." (Tr. 153). The ALJ determined that plaintiff could not perform her past relevant work, but that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

B.  Analysis

Plaintiff contends that the Commissioner's decision is not supported by substantial evidence for two reasons. First, plaintiff argues that the ALJ improperly evaluated the medical opinion of her treating physician, Dr. Benjamin Akiwumi. Second, plaintiff asserts that the ALJ failed to give proper consideration to the vocational expert's testimony. (Pl.'s Mem. Sup. Mot. J. Pleadings 11, 17).

   1.  Treating Physician's Opinion

Plaintiff contends that the ALJ erred by giving "some weight" to Dr. Akiwumi's opinions regarding plaintiff's disability and residual functional capacity. As a general rule, a treating source's opinion is entitled to more weight than a non-treating source's, and an examining source's opinion

should be accorded more weight than the opinion of a non-examining source. See 20 C.F.R. § 404.1527(c) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations. . . .").

A treating physician's opinion must be given controlling weight if it is well supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ has the discretion to give less weight to the treating physician's testimony in the face of contrary evidence. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).

If the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must determine the weight to be given the opinion, considering the following factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the evidentiary support for the physician's opinion; (4) the consistency of the opinion with the record as a whole; (5) any specialty or expertise of the treating physician; and (6) any other factors tending to support or contradict the physician's opinion, such as the extent of the physician's understanding of the Social Security disability programs and the physician's familiarity with other information in the record. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6); see also Parker v. Astrue, 792 F. Supp. 2d 886, 894 (E.D.N.C. 2011). In evaluating medical opinion evidence, an ALJ is not required to separately discuss each of these factors, but he "must give good

4

reasons" for the weight given.  Russell v. Comm'r of Soc. Sec., 440 Fed. App'x 163, 164 (4th Cir. 2011); see SSR 96–2P, 1996 WL 374188, at *5; 20 C.F.R. §§ 404.1527(c)(2), 416.92(c)(2).

In support of her claim, plaintiff presented treatment notes from her primary care physician, Dr. Benjamin Akiwumi, as well as a report from Dr. Akiwumi concerning plaintiff's physical abilities and limitations ("RFC report").  In this RFC report, Dr. Akiwumi opined that plaintiff was able to stand for 15 minutes and sit for two hours at a time, that she is able to lift five pounds occasionally, that she is able to bend only occasionally and that she would need to elevate her legs most of the time during an eight-hour day.  (Tr. 966).

The ALJ gave Dr. Akiwumi's opinion "some weight," stating:  "While [the RFC report] is not completely filled out, and while Dr. Akiwumi has not indicated how many hours the claimant can work per day, his notes appear to endorse the claimant's ability to perform sedentary work . . . ." (Tr. 155).  The ALJ also notes that approximately two years prior to the RFC report, Dr. Akiwumi suggested vocational rehabilitation to plaintiff.  However, the ALJ did not make any findings with regard to the factors to be considered in evaluating a treating physician's opinion.  Nor did he provide any explanation, aside from noting the vocational rehabilitation suggestion made two years before, for his finding that Dr. Akiwumi's notes "appear to endorse the claimant's ability to perform sedentary work."  (Tr. 155).

The record includes treatment notes from Dr. Akiwumi covering visits spanning almost three years.  While there are a number of test results included among Dr. Akiwumi's records, the treatment notes themselves are, in large part, illegible.  Some of the treatment notes are summarized by the state agency medical consultants, whose opinions were also accorded "some weight" by the

5

ALJ. However, their opinions were made in 2009 and, therefore, do not include any information concerning Dr. Akiwumi's treatment for the fifteen (15) to twenty-one (21) month period preceding the administrative hearing. In addition, the court is unable to determine whether the summaries provided by the state agency medical consultants accurately reflect Dr. Akiwumi's assessment and treatment of plaintiff.

In weighing Dr. Akiwumi's opinions, the ALJ was not required to discuss every factor listed in the regulations, but he was required to consider each of the factors and to provide "good reasons" for the weight assigned. From the ALJ's decision, it is not clear whether he considered the relevant factors. Although he stated that Dr. Akiwumi's notes "appear to endorse the claimant's ability to perform sedentary work," he did not identify the treatment notes to which he was referring. Therefore, his reasoning is not sufficiently clear.

Given the state of Dr. Akiwumi's medical records and absent further findings by the ALJ, the court is unable to determine whether Dr. Akiwumi's notes serve as substantial evidence to support the ALJ's findings that plaintiff's functional abilities were not as limited as indicated in Dr. Akiwumi's RFC report, or whether the ALJ considered all of the relevant factors in determining the weight to be accorded Dr. Akiwumi's opinions. Consequently, the court is precluded from determining whether the Commissioner's decision is supported by substantial evidence in the record and based on the proper legal standards. Thus, the court will remand to the Commissioner for further proceedings.

2. Vocational Expert's Testimony

Plaintiff argues that the ALJ erred in failing to properly consider the vocational expert's

testimony. In questioning the vocational expert, the ALJ posed a hypothetical based upon an individual of plaintiff's age with similar education and work experience who is limited to sedentary work "with occasional postural activities - no climbing" and no exposure to "any kinds of fumes, gases or noxious odors." (Tr. 192-93). The vocational expert responded that such an individual would not be able to perform the requirements of plaintiff's past relevant work, but he identified several jobs that exist in significant numbers in the state and national economies that the hypothetical individual would be able to perform. Following the vocational expert's testimony, the ALJ inquired whether an employee in one of these positions might be permitted to nap for an hour at a time during the day. The vocational expert responded:

> No. . . . [B]asically, if you're going to be off task for an hour, that excludes all employment at all exertion or skill levels regardless of why. I mean, whether you're sleeping or you got to walk around the block or whatever; if you're not going to be attending the job duties for an hour in an eight-hour day, it excludes employment - or would preclude employment, if not exclude employment.

(Tr. 194).

An ALJ is afforded "great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." Koonce v. Apfel, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999). The fact that the ALJ posed this question but did not consider the vocational expert's response is not dispositive where, as here, the ALJ's RFC determination did not include a limitation for napping during the workday. Nevertheless, whether the ALJ should have considered this testimony because the evidence established plaintiff's need for daytime naps is another question, and one that the court declines to address in light of its remand of this case for further consideration of Dr. Akiwumi's

7

medical opinion, which may impact the ALJ's RFC determination and render this assignment of error moot.

## CONCLUSION

Based on the foregoing, the court GRANTS plaintiff's motion for judgment on the pleadings (DE 25), DENIES defendant's motion for judgment on the pleadings (DE 29), and REMANDS this case to the Commissioner, under sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this order. The clerk is directed to close this case.

SO ORDERED, this the 25th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge